Orosco *v.* Gagliardo.

----

## OROSCO *v.* GAGLIARDO.

AN alien does not become a citizen of the United States by filing his declaration of intention to become a citizen. He does not acquire the full rights of a citizen until he has taken the final oath of citizenship.

The United States Courts have no jurisdiction, based upon the citizenship of the parties, over actions between aliens and aliens, but only over actions between citizens and aliens.

Under the Act of Congress of 1789 and the statute of this State of 1855 respecting the transfer of actions from a State to a United States Court, the Court to whom the application is made must, before granting it, be satisfied that the application is founded upon facts which entitle the applicant to the order, and for this purpose has the right to inquire into the truth of the facts set forth in the petition as well as to investigate the sufficiency of the security.

APPEAL from the Thirteenth Judicial District.

The facts are stated in the opinion.

*Lewis Shearer*, for Appellant.

I.   Under our statute, after the acceptance of the surety, the District Court had no jurisdiction in the case further than to direct its transfer; and that, even though it appeared that the Court to which the transfer was sought, had no jurisdiction.   In the case mentioned in the act, the Court, upon the claiming of the privilege accorded to the alien, is wholly divested of its jurisdiction.   But even if the Court could consider the question of jurisdiction of the United States Circuit Court, in any case arising under the act referred to, it could only do so when the fact of the alienage of both parties was presented to it in some manner previous to the acceptance of the surety.   It could not take cognizance of it from a statement made in an affidavit, the production of which in the case, after the acceptance of the surety, the act provides " shall be void and of no force or effect for any purpose whatsoever."   The record shows that the fact of the alienage of the plaintiff Orosco, was only disclosed by this affidavit.   The act does not even permit the facts in the petition for transfer to be controverted by affidavit, much less allow new facts, foreign in their character, to be interposed in opposition to the transfer.   The transfer is imperative upon the Court, the requirements of the act being complied with on the part of defendant seeking the transfer.

II.   The Circuit Court can entertain jurisdiction in the case. (*Mason et al.* v. *Ship Blaireau*, 2 Cranch, 240, opinion by Marshall, C. J.)   The defendant cannot question the jurisdiction after transfer.

*J. G. McCullough*, for Respondent.

The attorneys for the petitioner claim a difference between the United States law, and our State law, in regard to transfer of cases. I presume the fact that our State law is different can confer no additional jurisdiction upon a United States Court; but the laws are almost exactly alike, and there is no difference in substance. That a Circuit Court has no jurisdiction in suits between aliens was decided as long ago as 1809, in case of *Mantalet* v. *Murray* (4 Cranch, 46), and in various cases since, and that a declaration of

Orosco *v.* Gagliardo.

intention cannot change the position of the parties, was decided also in the case of *Baird* v. *Byre,* referred to in Brightly's United States Digest of Laws (p. 9, note *h.*)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an application to this Court for a writ of *mandamus,* to issue to the District Judge of the Thirteenth Judicial District, commanding him to remove the said cause to the United States Circuit Court for the Northern District of California, under and in pursuance of the Act of Congress of September 24th, 1789, and the statute of this State of April 9th, 1855.   The application for a transfer of the cause was made by the defendant in the District Court of Mariposa County, on the ground that he was an alien, and that the plaintiff was a citizen of the State of California.   The plaintiff, in answer to the application, showed that he was also an alien and not a citizen—that he had only filed his declaration of intention to become a citizen and had never taken the final oath of citizenship.   The District Court, on this state of facts, refused to transfer the cause, and the defendant now applies to this Court for a peremptory *mandamus,* to compel the transfer.

We think the District Court properly refused the application. The plaintiff in this case is not a citizen of this State, or of the United States.   He does not become entitled to the full rights and privileges of citizenship until he has taken the final oath, as required by the naturalization laws.   (*Baird* v. *Byre,* 3 Wallace, Jr., cited in Brightly's Digest, 9, note *h.*)   Until he takes the final oath he may retract his intention and decline to avail himself of the rights of citizenship, and could, if he desired, still claim the privileges of a subject of a foreign power.

It is well settled that the United States Courts have no jurisdiction over suits between alien and alien, but that they are confined to actions between citizens and foreigners where their jurisdiction is founded upon citizenship.   (*Mossman* v. *Higginson,* 4 Dallas, 12 ; *Montalet* v. *Murray,* 4 Cranch, 46 ; *Hodgson* v. *Bowbank,* 5 Id. 303; *Jackson* v. *Twentyman,* 2 Pet. 136.)   It follows that the defendant had no right to have the cause removed to a United

States Court; and if it had been so removed, upon the true facts appearing to the latter Court, it would have been compelled to remand the case back for want of jurisdiction.

The statute of this State, respecting the removal of causes from the State Courts to the United States Court, provides, that when the petition is filed and the surety is offered, " it shall then be the duty of such Court of this State to accept the surety and proceed no further in the cause ; and all subsequent proceedings which may be taken or had in such Court in contravention of the provisions of this section shall be void and of no force or effect for any purpose whatsoever." The defendant contends that, under this provision, when the petition is filed and the surety is offered, the State Court can do no further act in the case, except to accept the surety and order the removal. This is not the proper construction. The Court must first be fully satisfied by proper evidence that the application for removal is founded upon facts which entitle the applicant to the order, and for this purpose the Court has a right to inquire into the truth of the facts set forth in the petition, as well as investigate the sufficiency of the surety, and determine the matter accordingly. We see no error in the decision of the Court below; the motion for a *mandamus* is therefore denied.