# DOLORES FRANCISCO v. THE MANHATTAN INSURANCE COMPANY.

MANDAMUS—TRANSFER OF CAUSE FROM A STATE COURT TO A FEDERAL COURT.— This Court has no jurisdiction to grant a writ of mandate to compel the Judge of a District Court to proceed with the trial of an action commenced therein, in which an order has been made by said District Court directing the cause to be transferred to the Circuit Court of the United States for trial, for the alleged reason that the parties thereto are citizens of different States.

IDEM—JURISDICTION OF SUPREME COURT.—In such case the subject matter of said order of .the District Court is within its jurisdiction, and is not void, even if erroneous. It cannot be reviewed by this Court on application for mandamus. Moreover, the party aggrieved thereby has a plain, speedy, and adequate remedy by the due course of law.

IDEM—POWER OF SUPREME COURT BY MANDAMUS.—This Court has no jurisdiction by its writ of mandate, when directed to a person who acts in a judicial or deliberative capacity, except to compel a performance of his official duty by acting and deciding in the premises to the best of his judgment.

In the Supreme Court of the State of California.

The facts are stated in the opinion of the Court.

*Geo. Cadwalader*, for Petitioner, argued that mandamus is the appropriate remedy; and cited *Orosco* v. *Gagliardo*, 22 Cal. 83.

*H. P. Barber*, and *J. W. Coffroth*, for Respondent.

The act complained of is judicial—not ministerial. A judicial decision cannot be reviewed by mandamus. (*People* v. *Pratt*, 28 Cal. 168; *People* v. *Russell*, 46 Barb. 28.) Mandamus does not lie to reverse a judicial act, or to direct a judicial officer how he shall decide any question before him. (*Fish* v. *Weatherwax*, 2 Johns. Cases, 217–223, Sec. 23 of editor's elaborate note to this case.)

By the Court, SPRAGUE, J.:

This is an application for a peremptory mandate to the Judge of the Fifth Judicial District Court, Tuolumne County, directing him, as such Judge, to proceed to the trial and determination of the above entitled cause.

The facts material to an understanding of the points involved in this proceeding, as disclosed by petition and answer, are substantially as follows:

On the 8th of January, 1867, the defendant was, and still is, a corporation duly organized under and by virtue of the laws of the State of New York, and invested with authority

to transact a general life insurance business in said State and elsewhere, and then had, and since has continued to have, a place of business in this State, and a duly authorized agent, qualified to act as such, by the laws of this State, within the limits thereof.

On the 5th day of January, 1867, defendant executed a policy of insurance to plaintiff, upon which a liability subsequently accrued, and thereafter, on the 25th of June, 1867, plaintiff commenced, in said Fifth Judicial District Court, an action for the recovery of an amount claimed to be due from defendant on such policy; and thereupon defendant, in due time, entered its appearance in said cause, and at the same time applied by petition to the Court, in due form, for a removal of the cause to the Circuit Court of the United States—tendering the requisite security—alleging as ground of such removal that the plaintiff is a citizen of the State of California, and that defendant, at the date of the commencement of the suit, was and still is a citizen of the State of New York.

After argument of the application for removal upon said petition by the attorneys for the respective parties, the petition was granted by the Court, and upon filing the required bond by defendant, an order was duly made and entered on the 13th November, 1867, removing the cause for trial to the Circuit Court of the United States for the District of California; at the same time the Court made an order staying proceedings under the order of removal for twenty days to allow the plaintiff to prepare an appeal from the same; and, thereafter, on the 4th day of March, 1868, this proceeding was instituted to compel the District Judge to proceed with the trial and determination of the cause, notwithstanding the order of removal.

The ostensible object of this proceeding is to compel the District Court to proceed in the discharge of its duty, to hear and determine plaintiff's suit, while from the facts disclosed by the application of plaintiff and the answer of the Judge of the Fifth District, above stated, it is manifest that

as a preliminary step to the required mandate, a review of the action of the Court below, upon the petition of defendant for a removal of the cause to the United States Circuit Court for trial, is sought, as we are asked to adjudge the final order of the Court granting the removal null and void on the ground that the facts upon which such order is based are insufficient in law to authorize the same, and not upon the ground that said Court had not jurisdiction to hear and determine defendant's petition for removal and pass upon facts presented therein. The jurisdiction of the Court below of the subject matter of defendant's petition cannot be doubted, and its duty to hear the petition and determine from the facts presented on such hearing whether the same should be granted or denied, is manifest. The Court, then, having acted upon and determined a matter within its jurisdiction, such action and determination cannot be *void;* and, however erroneous such action and determination may have been, it cannot be reviewed in a proceeding for a mandamus, nor can a mandate be issued to compel the Court to revise, rescind, or reverse its own action in the premises, or proceed in any manner antagonistic to such action. Such is not the appropriate office of a mandamus directed to an inferior judicial tribunal.

By this writ, directed to a person who acts in a judicial or deliberative capacity, he may be ordered to proceed to do his duty, by acting and deciding according to the best of his judgment; but he cannot be directed in what manner to act or decide in the premises.

In the case now presented, the District Court has acted upon the petition of defendant for removal of the cause; the matter was properly before the Court upon the petition and evidence in support thereof, and being satisfied therefrom of the existence of the requisite facts entitling defendant to the order prayed for, the same was granted by the Court, and a removal of the cause ordered; and this Court, by mandamus, cannot, directly or indirectly, compel a rescission or disregard of this order. The attempt would be a flagrant viola-

tion and abuse of the well established functions of the writ.
(*People* v. *Weston*, 28 Cal. 610, and cases there cited.)

Again, by the four hundred and sixty-eighth section of
the Practice Act a mandamus cannot properly issue "when
there is a plain, speedy, and adequate remedy in the ordinary
course of law."

In the present case, if the District Court erred in granting
the order of removal, and the defendant was not entitled to
a trial in the United States Circuit Court, that Court, when
the case reaches it, upon proper application, will refuse to
take jurisdiction, and remand the cause to the Court from
which it came. The applicant, then, has "a plain, speedy,
and adequate remedy in the ordinary course of law;" hence,
for this reason, his application should be denied.

And when a proper application for removal of a case from
a District Court of the State to the United States Circuit
Court is denied, the applicant can preserve his rights by
entering the proper exception, and after final judgment in
the case, the action of the District Court, in denying the
application, could be reviewed in this Court on appeal from
the final judgment, accompanied with a proper statement
and specification of errors.

Should this Court interfere by peremptory mandamus to
compel a District Court to proceed with the trial and deter-
mination of a cause, after such District Court had, upon
petition, removed the cause to the United States Circuit
Court, a serious conflict of jurisdiction might arise; the
Circuit Court, upon application to remand the cause, might
refuse on the ground that the same was clearly within its
jurisdiction, and the result would be a direct conflict of
jurisdiction between the State and Federal Courts, and the
trial of the same cause might be progressing in different
Courts at the same time. Independent, therefore, of the
binding force of the well established rules of law, as herein-
before stated, we are not disposed to adopt a practice likely
to result in serious confusion and unnecessary conflict of
jurisdiction between the State and Federal Courts.

In the case of *Orosco* v. *Gagliardo*, 22 Cal. 83, relied upon by counsel for applicant, the question as to whether a mandamus would lie does not appear to have been raised by counsel, and is not alluded to by the Court. It was an application for a mandamus to a District Court to compel removal of a cause to the United States Circuit Court, after denial of the prayer of a petition of defendant by the District Court, and we are satisfied the application was heard and the decision rendered without due consideration of the legitimate office of a writ of mandamus.

With these views, it becomes unnecessary to pass upon the question of the status or citizenship of defendant. That question has been considered and acted upon by the District Court, and is not properly before us for review.

Application denied.