CAMILLO TEMPLE et al., Petitioners, v. SUPE-
RIOR COURT OF LOS ANGELES COUNTY et
al., Respondents.

Contempt — Re-entry on Land after Dispossession. — Under section 1210
of the Code of Civil Procedure, a defendant in an action to recover the
possession of land is guilty of contempt if he re-enters thereon after be-
ing dispossessed under the judgment rendered therein, notwithstanding
the re-entry was made more than five years after the date of the judg-
ment.

Id. — Proceeding to Punish for — Mandamus to Compel Hearing. — A
writ of mandate lies to compel the Superior Court to hear and determine
a proceeding for such a contempt where it refused to hear and has dis-
missed the proceeding for want of jurisdiction.

Proceeding for a writ of mandate to compel the
Superior Court of Los Angeles County to hear and de-
termine a proceeding to have one Newman, a defendant
in an action brought to recover the possession of certain
land, adjudged guilty of contempt for re-entering upon
the land from which he had been ejected under an exe-
cution issued in the action. The court dismissed the
proceeding on the ground that it was barred by section
336 of the Code of Civil Procedure, in not having been
commenced within five years after the date of the judg-
ment. The appeal from the order of dismissal is reported
*supra*, p. 210. The further facts are stated in the opinion
of the court.

*Glassell, Smith & Patton*, for Petitioners.

*J. M. Damron, Wells, Van Dyke & Lee*, and *Brunson &
Wells*, for Respondents.

Thornton, J. — This is an application for a writ of
mandate to compel the Superior Court of Los Angeles
County, Judge W. A. Cheney presiding, to hear a charge
of contempt of court made against one B. Newman, which
that court had refused to hear, and has dismissed on the
ground of want of jurisdiction.

We have examined the record, and are of opinion that the matter is within the jurisdiction of the court. The facts stated bring the case clearly within section 1210 of the Code of Civil Procedure, and under such circumstances the court cannot, by holding without reason that it has no jurisdiction of the proceeding, divest itself of jurisdiction, and evade the duty of hearing and determining it. The prayer of the petition should be granted, and it is so ordered.

McKEE, J., and SHARPSTEIN, J., concurred.