[S. F. No. 3937. In Bank.—September 30, 1904.]

JAMES CAHILL and WILLIAM CAHILL, Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

ESTATES OF DECEASED PERSONS—PROBATE HOMESTEAD—MOTION TO MODIFY AND VACATE ORDER—JURISDICTION.—The superior court has jurisdiction to hear and determine upon its merits a motion made within six months after an order setting apart a homestead out of the estate of a deceased person to modify and in part to vacate the order; and an objection that the facts stated as grounds of the motion did not justify a modification or vacation of the order furnishes no reason for refusing to hear and consider the motion.

ID.—EFFECT OF ORDER DENYING MOTION FOR WANT OF POWER—DISMISSAL—REFUSAL TO ACT.—An order denying the motion solely on the ground stated, that the original order setting apart the homestead had become final, and that the court was without power to modify or vacate the former order, or to entertain a motion to that effect, is in substance no more than a dismissal of the motion for lack of jurisdiction and a refusal to act upon the motion.

ID.—DETERMINATION NOT CONCLUSIVE—DUTY OF COURT—MANDAMUS.—The determination by the court that it did not have jurisdiction to modify or vacate the order setting apart the homestead is not conclusive where there is no question of fact or of the sufficiency of facts involved in its ruling. The law especially enjoins upon the superior court the duty of hearing and determining all matters which are within its jurisdiction and which come properly before it; and the writ of mandate may issue to compel the court to hear and determine the motion upon its merits.

ID.—LACK OF REMEDY BY APPEAL.—An appeal from the original order setting apart the homestead would have been useless, as it was made without notice or contest, and there could be no bill of exceptions showing the facts upon which it was based; and the order refusing to vacate or modify the order setting apart the homestead is not appealable.

ID.—REMEDY BY MANDAMUS—LACHES—EXCUSE FOR DELAY—DISCRETION OF COURT.—The defense of laches to the remedy by *mandamus* dif-

fers from that of the statute of limitations, which bars the remedy from mere lapse of time; and where the defense of laches merely is relied upon the petitioner for the writ may present circumstances excusing or justifying the delay, and showing the absence of prejudice therefrom; and if the court in its sound discretion deems the showing sufficient, the remedy will not be barred by laches.

PETITION for Writ of Mandate to the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Richard C. Harrison, for Petitioners.

George A. Connolly, for Respondents.

SHAW, J.—This is a proceeding in *mandamus* to compel the superior court and Frank J. Murasky, as judge thereof, to hear and consider a motion of the petitioners duly presented to said court, to modify, and in part vacate, a previous order of the court in the matter of the estate of Patrick H. Cahill, deceased, setting apart a homestead to the widow of the deceased out of the property of the estate.

The motion for the modification was made and presented within six months after the order setting apart the homestead When the motion was presented to the superior court the widow appeared thereto and objected to the hearing. The objections were,—1. That the court had no jurisdiction to vacate the former order; and 2. That the facts stated as the grounds of the motion did not justify a modification or vacation of the order.

The ground last stated furnished no reason for refusing to hear and consider the motion. It was addressed to the merits, and could only be considered after the court had, upon the consideration of the first objection, decided that it had jurisdiction to entertain the motion and make the order applied for. Both objections were taken up together and argued and submitted simultaneously. This was manifestly done merely for convenience, and in order to avoid the delay that would be occasioned by another hearing, in case the objection to the jurisdiction should be overruled. The objection to the jurisdiction was not based on any facts, nor upon any defect in the service of the notice on the widow, but solely on the propo-

sition that the original order had become final and was beyond the power of the court to revoke or modify. The preamble to the order thereupon made shows that the court never reached the consideration of the motion, but decided that the first objection was sound, and that it was without power to modify or vacate the former order or to entertain a motion to that effect. The order accordingly stated that "Upon this ground, and this only, the motion to vacate the decree heretofore made setting apart the homestead is denied." The order thus made is therefore .in substance no more than a dismissal of the motion for lack of jurisdiction. As the case stands, the superior court has refused to act upon the motion, and has not acted thereon.

Another objection is made here to our consideration of the question of the power of the court to modify the order. It is, that the court below has determined that it did not have jurisdiction, and that that determination is conclusive and cannot be reviewed in this court upon this proceeding. The order refusing to vacate or modify the order setting apart the homestead is not appealable. (*Estate of Cahill,* 142 Cal. 628.) An appeal from the original order would have been useless, for, as it was made without notice or contest, there could be no bill of exceptions showing the facts on which it was based. Therefore, if the decision of the court, that it did not, as matter of law, have jurisdiction to act, is conclusive as to the law, the petitioners are without remedy, although the original order may have been manifestly erroneous, or may have been fraudulently obtained, and the court may have been utterly mistaken in its view that it was without power to modify it. That it was mistaken in that view is definitely settled by the decision of this court in *Levy* v. *Superior Court,* 139 Cal. 590, holding that the superior court has power to vacate such an order under section 473 of the Code of Civil Procedure.

This court has held that where the jurisdiction of the superior court to try a cause or hear an appeal depends on the existence of certain facts, and that court has, upon evidence consisting either of affidavits or of the record, made its determination as to the facts, although erroneously, this court cannot in *mandamus* proceedings go behind this determination, and itself consider from evidence whether or not the jurisdiction existed; and this seems to be the law even where

there is no conflict in the evidence and the court below has acted judicially only to the extent that it has determined the existence of facts from evidence, and where the facts thus determined did not in law justify the decision of the superior court that it did not have jurisdiction. Thus where the lower court, acting as a court of appeal, has decided that the record in a case from a justice's court did not give the superior court jurisdiction of the appeal because the notice of appeal did not have a revenue-stamp attached, or because in an appeal on questions of law alone there was no statement on appeal, and has thereupon dismissed the appeal (*People* v. *Weston,* 28 Cal. 640; *Lewis* v. *Barclay,* 35 Cal. 213) ; or where the superior court upon affidavits removed the cause to the United States district court and refused to proceed further therein (*Francisco* v. *Manhattan Ins. Co.,* 36 Cal. 286) ; or upon the facts stated in a petition to be allowed to intervene had refused to allow the intervention (*People* v. *Sexton,* 37 Cal. 532) ; or after considering the condition of its calendar and other facts and circumstances tending to excuse the failure to try a criminal case within sixty days after the filing of the information, had refused to dismiss the cause (*Strong* v. *Grant,* 99 Cal. 100) ; or upon the facts stated in an accusation filed under section 772 of the Penal Code, had refused to issue a citation against the accused officer (*Kerr* v. *Superior Court,* 130 Cal. 184). In all these cases the determination of the superior court as to its jurisdiction of the particular cause upon the facts shown has been deemed final and conclusive upon this court where a review of that determination was sought by proceedings in *mandamus.*

The distinction between this class of cases and the case at bar is this: In all these cases the superior court was called upon to consider either the sufficiency of certain facts established by the record, or certain facts determined by that court upon evidence properly addressed to it, to give it jurisdiction to proceed with the particular case then before the court, and with its decision, after such consideration, this court cannot interfere by *mandamus.* In the case at bar there was no question of fact involved, and the superior court decided that, as a matter of law purely, it could not in any case vacate an order made under the provisions of section 1465 of the Code of Civil Procedure setting apart a homestead. This was a

proposition not dependent on any facts whatever, but wholly upon a consideration of the powers of the court as defined by the constitution and by statute.

The code provides that the writ of mandate may be issued to "compel the performance of an act which the law specially enjoins, as a duty resulting from an office." (Code Civ. Proc., sec. 1085.) The law specially enjoins upon the superior court, and upon the judge thereof, the duty of hearing and determining all matters which are within its jurisdiction and which come properly before it. The motion under consideration did come properly before that court, but the judge decided, as matter of law, and upon the statute and constitution only, that the court had no power in any case to make orders of the kind there applied for, and upon that ground only refused to proceed to the merits of the application. If the person holding the office could thus decide what were the duties pertaining thereto which the law specially enjoins him to perform, the writ of mandate would be practically useless. The decision refusing to act which gives occasion for the writ would also furnish sufficient cause for denying it. As was well said in *Temple* v. *Superior Court*, 70 Cal. 211, "The court cannot, by holding without reason that it has no jurisdiction of the proceedings, divest itself of jurisdiction and evade the duty of hearing and determining it." To the same effect are *Merced M. Co.* v. *Fremont*, 7 Cal. 130; *Ortman* v. *Dixon*, 9 Cal. 23; *Heinlen* v. *Cross*, 63 Cal. 44; *People* v. *Barnes*, 66 Cal. 594; *Crocker* v. *Conrey*, 140 Cal. 213.

The respondent further claims that the petitioners are barred of their remedy in *mandamus* by reason of their laches.

Laches is defined as "Such neglect or omission to assert a right as, taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity." (18 Am. & Eng. Ency. of Law, 2d ed., p. 97.) "In determining what will constitute such unreasonable delay, regard will be had to circumstances which justify the delay, to the nature of the case and the relief demanded, and to the question whether the rights of the defendant, or of other persons, have been prejudiced by such delay." (*Taylor* v. *Bayonne*, 57 N. J. L. 378; *People* v. *Syracuse*, 78 N. Y. 56; *Chinn* v. *Trustees*, 32 Ohio St. 236; 19 Am. & Eng. Ency. of Law, 2d ed., p. 755;

Merrill on Mandamus, sec. 87; Wood on Mandamus, 40.)
"Where the delay is satisfactorily explained, the equity of the
complainant, if clearly established, remains unaffected, and
the court will decree for him, notwithstanding great efflux of
time." (18 Am. & Eng. Ency. of Law, 2d ed., p. 100.) The
statute of limitations applies to special proceedings of this
kind. (Code Civ. Proc., sec. 363; *Barnes* v. *Glide,* 117 Cal.
6.[1]) The defense of laches is different from the defense of
the statute of limitations in this, that in order to bar a remedy
because of laches, there must appear, in addition to mere
lapse of time, some circumstances from which the defendant
or some other person may be prejudiced, or there must be
such lapse of time that it may be reasonably supposed that
such prejudice will occur if the remedy is allowed; whereas,
in the case of the statute of limitations there need be nothing
more than mere lapse of time in order to constitute a bar.
The consequence of this distinction is, that in cases where the
defense of laches is interposed, or where it is claimed to
appear on the face of the petition or complaint, the petitioner
or the plaintiff may present circumstances excusing or justify-
ing the delay and showing the absence of prejudice therefrom,
and if the court in its sound discretion deems the showing
sufficient the proceeding will not be barred. Many cases have
been cited by the respondents in support of the proposition
that the lapse of time between the refusal to act upon the
motion and the beginning of the proceeding in this court for
*mandamus* of itself constitutes laches sufficient to bar the pro-
ceeding; but upon an examination of them we find that, with
very few exceptions, there appears in each case cited some
circumstance from which it appeared that prejudice actually
had occurred, or might occur, or such lapse of time that it
was supposed that prejudice had occurred, or would occur, if
the writ was granted. The few exceptions are not well-con-
sidered cases, and are not sufficient to establish a rule contrary
to that above cited from the authorities.

The order of the superior court refusing to consider the
motion for a modification was made on April 10, 1903, but
was not entered until after May 6, 1903. Within sixty days
from the entry petitioners attempted to appeal therefrom to
this court. On December 7, 1903, the widow moved to dis-

[1] 59 Am. St. Rep. 153.

miss the appeal on the ground that the order was not appealable. This court, on March 28, 1904, granted the motion and dismissed the appeal. An application for rehearing was made and denied, and on April 28, 1904, the *remittitur* was issued. This application for a writ of mandate was filed five days thereafter. The respondents herein do not allege that any circumstances exist, or that anything has occurred by reason of the delay, that have caused or would cause any prejudice whatever to the widow or to any other person. The lapse of time has not been so great that under the circumstances we can suppose or presume that prejudice will ensue if the mandate is issued. Until the decision dismissing the appeal, it had never been directly held by this court that an order refusing to vacate or modify an order setting apart a homestead was not appealable, and there was a very general impression that such an appeal could be taken. If so, the remedy would be ample and there could be no writ of mandate. During the delay the petitioners were diligently prosecuting the remedy by appeal, which they were advised they had. We think, under the circumstances, the delay was sufficiently excused, and that the court below should be compelled to proceed to hearing and determination of the motion upon its merits.

Let the writ issue as prayed for.

Van Dyke, J., Angellotti, J., Henshaw, J., Lorigan, J., and Beatty, C. J., concurred.

McFARLAND, J., dissenting.—I dissent. In the first place, if what respondent did could be construed as a *refusal to act* for want of jurisdiction, it does not appear that respondent had jurisdiction. In *Levy* v. *Superior Court,* 139 Cal. 590, and cases there cited, it was merely held that section 473 of the Code of Civil Procedure, which provides for relieving a party from the judgment or order taken against him "through his mistake, inadvertence, surprise, or excusable neglect," applies to certain probate orders, and that only under said section can orders not appealable be reached. But in the case at bar the petition to set aside was not based on section 473, but merely on certain alleged errors in the order sought to be vacated. In the second place, the respondent acted in the matter, and ordered that "the motion to vacate

the decree hereinbefore made setting apart the homestead is denied''; and, in my opinion, the reasons upon which the action was based are immaterial. Having acted, respondent cannot be compelled by *mandamus* to act differently.