[Civ. No. 7528.   First Appellate District, Division Two.—November 18, 1930.]

BALCONADES BALLROOM, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Edward A. Cunha and Harry I. Stafford for Petitioner.

Taaffe & Taaffe and W. G. Deal for Respondent.

NOURSE, P. J.—This is an original proceeding in *mandamus* to require the respondent court to proceed with the trial on its merits of an action instituted in that court by petitioner. The respondent has appeared by demurrer and answer, but has submitted the latter without proof, hence we may confine our discussion to the points of law involved.

Petitioner is a Nevada corporation incorporated in that state on May 14, 1928. On that date certain individuals residing in California delivered to petitioner at Lovelock, Nevada, a written assignment of personal property including a chose in action. On October 8, 1928, the petitioner duly qualified under the laws of this state to do corporate business in California. On May 24, 1929, it commenced an action in the Superior Court in and for the City and County of San Francisco to recover upon the chose in action above mentioned. The cause was set for trial before a jury and after the plaintiff had presented a portion of its evidence the defendants moved to dismiss the action upon the grounds that the court was without jurisdiction and that the plaintiff did not have legal capacity to sue. The motion was granted on the first ground only and, lest it be argued that the order is good if supported by either ground, it is sufficient to say that the petitioner concededly qualified to do business in this state long prior to the commencement of the action and, as assignee of the claim, manifestly had legal capacity to sue on it.

On the question of jurisdiction the plaintiff raised a wholly false issue. It was their claim that the assignment was void because made prior to the time when the corporation qualified to do business in the state. But the assignment was executed and delivered in another state—delivered to a corporation which admittedly was qualified to receive it. Hence the assignment was not void when made and delivered to the Nevada corporation. If it became unenforceable in this state at some future date because held by a corporation which may have thereafter run afoul of some of the laws of this state, that is precisely the question which the superior court would and should have jurisdiction to determine.

Thus, a court may find that a claim is barred by the statute of limitations, and if that defense is raised, judgment must go for defendant; it may find that a sale of corporation property was made in violation of the Corporate Securities Act (Stats. 1917, p. 673), or that an attempted sale of realty was in violation of law and hence unenforceable, but no one would contend that the court did not have jurisdiction to hear and determine those issues.

In the case before the respondent court the petitioner having admittedly qualified to do business in this state thereby obtained the right and capacity to sue. If the assignment upon which it sued was invalid for any reason, or if the assigned claim was invalid or unenforceable for any reason, the court and jury manifestly had jurisdiction to hear and determine those issues. The cause being one in which a trial by jury is a matter of right, the plaintiff was entitled to have those issues submitted to the jury.

This is not a case like *Cahill* v. *Superior Court,* 145 Cal. 42 [78 Pac. 467], and others cited by respondent where the question of jurisdiction is a question of fact to be determined by the trial court upon evidence taken for that purpose. Manifestly in such a case an appellate court should not by *mandamus* override the findings of the trial court based upon the evidence which it has heard. But this is a case like *Temple* v. *Superior Court,* 70 Cal. 211, 213 [11 Pac. 699], where the Supreme Court says: " . . . the court cannot, by holding without reason that it has no jurisdiction of the proceeding, divest itself of jurisdiction . . . ". This and many other cases are cited in *Hennessy* v. *Superior*

*Court,* 194 Cal. 368, 374 [228 Pac. 862], where a portion of the Cahill opinion is cited to the effect that when the trial court has decided as a matter of law upon its construction of the Constitution and statute that it is without jurisdiction, *mandamus* to the Supreme Court is the proper remedy.

The assignment having been delivered in the state of Nevada, the "transaction" took place in that state and the laws of this state relating to the transaction of business by corporations in this state have no bearing upon that transaction. When, thereafter, the corporation came into this state and qualified to transact business under the corporate laws of this state it brought with it the assignment of this chose in action, which was an asset—a property right subject to the laws of property in this state. That the corporation had the legal capacity to sue in an effort to enforce this property right in a trial before a jury, and that the superior court had jurisdiction to hear and determine the cause, is manifest.

Let a peremptory writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 18, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1931.