[Civ. No. 8522.  Second Appellate District, Division Two.—March 27, 1933.]

MAX E. HAYWARD et al., Petitioners, v. THE SUPE-RIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Meserve, Mumper, Hughes & Robertson for Petitioners.

Newlin & Ashburn, Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondents.

WORKS, P. J.—Petitioners were parties plaintiff in an action in respondent court.  The action was commenced for the purpose of procuring judgment on a promissory

note and for a decree of foreclosure of a pledge of corporate stock which had been placed with an escrow-holder as security for the payment of the paper. Judgment went for plaintiffs under both branches of the prayer of their complaint. Defendants appealed from the judgment and the appeal is yet pending. ▮ After it was perfected, upon notice given, a motion was made in respondent court for an order directing and requiring that an undertaking in an amount to be fixed by the court be executed on the part of appellants, conditioned for the performance of the judgment if it should be affirmed or if the appeal should be dismissed. The motion was made on the ground that the collateral pledged as security for the payment of the note had become of little or no value, and the undertaking on appeal was demanded upon the theory that respondent court had authority to order it under the terms of section 949 of the Code of Civil Procedure. The hearing upon the motion was held by respondent court during four successive days. The court heard evidence from both sides as to the value of the collateral, necessarily considered the pleadings, findings and judgment in the case, and listened to argument upon the question whether, under the facts thus disclosed, it had power of authority, and, indeed, whether it had *jurisdiction,* to order the undertaking. The motion was submitted on the fourth day, and ten days thereafter the court made an order, according to its minutes, to the effect "that the motion for bond of plaintiffs . . . be and hereby is denied". The court also made a written order to the same effect. Four days after the entry of these orders respondent court made a further order, entitled "Order Nunc pro Tunc Correcting Clerical Misprision in Minute and Written Orders", and by it changed the word "denied" in its first orders to the word "dismissed".

Section 949 of the Code of Civil Procedure confers upon the superior court the right to exercise a discretion in determining, in cases to which the section applies, whether a stay bond on appeal shall be required. Petitioners came to this court for the writ of mandate upon the theory that respondent court had decided that it had no jurisdiction to order a stay bond and therefore that it had not exercised what counsel conceive to be the real jurisdiction conferred by section 949—that is, the court had not gotten so far

as to exercise a discretion upon the point as to whether the undertaking requested should be ordered. There is evidence in the record—for the proceeding has been before a referee—to the effect that the judge of respondent court before whom the motion for an undertaking came on for hearing was of the opinion that the pledged stock was of a value far less than the amount of the judgment in the action. The evidence also shows that the judge thought that he had not the authority—he calls it the jurisdiction—under the section to order the undertaking, that is, that under the evidence which he had heard the movants for the bond were not within the statute. Petitioners ask, the judge having so expressed himself, that respondent court be required to exercise the discretion referred to in the section and determine whether or not the execution of the undertaking shall be ordered. Upon the usual *ex parte* application we ordered an alternative writ.

Passing the question whether the *nunc pro tunc* order was a valid exercise of respondent court's power to make its orders speak the truth, passing the question whether the judge's views as to the effect of the proceedings of respondent court can have any bearing upon the fate of the proceeding—and a determination of the second of these questions might serve to solve the problem before us—we shall proceed to a discussion of the principal point presented in the briefs. In doing so we shall go so far as to assume, for the purposes of the decision, that respondent court terminated proceedings under the motion as it did, for the reason that it had no power, authority, jurisdiction—what you will for the moment—to order an undertaking on appeal, and that for that reason it never got to the point of determining whether the court should exercise the discretion mentioned in section 949.

We shall first determine, however, that no importance is to be attached to the question whether the order is to be treated as one of denial or as one of dismissal. If we concede that the *nunc pro tunc* order was in form valid, we must at once assert that it was in effect nugatory. The question here is not by what kind of order respondent court disposed of petitioners' motion—and it did dispose of the motion, correctly or incorrectly, whether the order was one of denial or one of dismissal—but whether the order was

made without the functioning of a jurisdiction respondent court was required by law to exercise, or whether it was made through mere error. The rule is too well settled to require exposition here, that the writ of mandate cannot be employed as a corrective of error. It will only issue for the purpose of enforcing the commencement of a wholly unexercised or the completion of a partially exercised jurisdiction.

The entire difficulty here present lies in a failure to distinguish between the exercise of jurisdiction and the exertion of power and authority through the exercise of jurisdiction and the consequent rendition of judgment or order. This distinction is not always maintained in the decisions of the courts, and we shall make an endeavor to dispel the mist which obscures the subject. ██ Jurisdiction is the power to hear and determine. Two steps, generally speaking, are necessary to the exercise of jurisdiction: 1. The ascertainment of facts. 2. The application of law to the facts. All these requisites were met in the consideration and determination of the motion presented to respondent court. It is true that after ascertaining the facts pertinent to the motion, and before applying the law to them, respondent court was compelled to construe a statute. Order was then made pursuant to the construction arrived at, and petitioner contends that respondent failed in a complete exercise of jurisdiction because it did not go further, or because it did not do something different. The logic of such a contention makes no appeal to us. There is a statute in this state to the effect that a guest passenger in an automobile can recover damages from the driver or owner of the car for injuries suffered only because of his intoxication, wilful misconduct or gross negligence. Suppose a passenger in a car brings suit against the driver for damages suffered in a collision and the testimony shows beyond dispute that the driver was guilty only of ordinary negligence and that the passenger, instead of having paid for his ride, was but a guest of the driver. A motion for nonsuit is made and is, of course, granted. This is for the reason that the court determined that plaintiff cannot recover because of the statute as to guest passengers. Nor will it make a difference if the court announces in granting the nonsuit that because of the statute he has no ''jurisdiction'' to render judgment in the

plaintiff's favor. The court's decision, if wrong, does not indicate a refusal to exercise jurisdiction, but is mere error. What is the difference here?

In the present instance the construction of section 949 by respondent court, in an effort to apply the law to the ascertained facts, was not a jurisdictional matter. If, when the motion to require an undertaking came on for hearing, respondent court had declined to entertain it on the ground that jurisdiction over the matter rested exclusively in the Supreme Court, or in the District Courts of Appeal, or in the municipal court, respondent court could have been compelled to proceed with the hearing by means of the writ of mandate, for it undoubtedly had jurisdiction of the *motion.* This jurisdiction, however, the court assumed, and having pursued the jurisdiction through the hearing of evidence and the presentation of argument, whether for four days or for fifteen minutes, the court had jurisdiction to decide the matter against petitioners upon any ground which appeared to it to bar petitioners' right to relief, even upon a construction of section 949, and it had jurisdiction to decide either erroneously or correctly.

There is little necessity for the citation of authority upon what seems to us so plain a question, and we shall refer to but one case, as it seems completely to cover the point. There a father was defendant in an action brought to compel him to support the child of his divorced wife and himself, the child being without the state. After ascertaining this latter fact, under an order to show cause why support should not be furnished *pendente lite,* the trial court made the following order: "Order to show cause denied on account of this court not having jurisdiction to award temporary attorneys fees, costs or support on two grounds; that the child is not within the jurisdiction of this court; also that provisions in Section 137 Civ. Code in respect to attorneys fees, costs and support money do not apply in this case." The District Court of Appeal, in denying a writ of mandate which was sought for the purpose of compelling the court to proceed, used the following language: "It thus appears that the court did not deny its jurisdiction to pass upon the application. It did pass upon and determine said application, but refused the requested allowance because the court was of the opinion that it did not have authority to

make such allowance to a child not residing in this state and not present in this state in an action to compel a father to support his child. If the court erred in this conclusion (which we do not decide) it was only an error made by the court in the exercise of its jurisdiction. It was not a refusal to act upon the merits of the matter presented" (*Brock* v. *Superior Court,* 119 Cal. App. 5 [5 Pac. (2d) 659]).

The alternative writ of mandate is vacated and a peremptory writ is denied.

Craig, J., and Stephens, J., concurred.