[Civ. No. 5300. Third Appellate District.—February 2, 1935.]

SUZETTE THOMAS, Petitioner, v. SUPERIOR COURT OF BUTTE COUNTY et al., Respondents.

William Ellis Lady for Petitioner.

Horowitz & McCloskey for Respondents.

PULLEN, P. J.—Petitioner seeks by this writ of mandate to compel respondents to hear and determine an order to show cause why one named therein should not be punished for contempt.

It is alleged in the petition that Clyde Thomas and Suzette Thomas were husband and wife; that an action for divorce was filed and defendant therein, Clyde Thomas, failing to appear, his default was duly entered and an interlocutory decree of divorce obtained. In this decree it was ordered "that defendant pay to plaintiff the sum of fifty ($50.00) dollars per month as alimony for the support and maintenance of said plaintiff until such time as plaintiff may re-marry." In due time a final decree was entered, containing a like provision but with the following added, "in accordance with property settlement entered into between plaintiff and defendant under date of September 12, 1928". For some time and until after the entry of the final decree the defendant made the specified payments but subsequently became delinquent in a considerable amount, and there was then issued an order to show cause why Clyde Thomas should not be punished for contempt of court for his failure to make the payments as provided in the interlocutory decree of divorce.

The order to show cause was set and a hearing had thereon in the Superior Court of the State of California, in and for the County of Butte, the Honorable Warren Steele, a judge thereof, one of the respondents herein, presiding. Evidence was received and the cause argued and submitted, whereupon respondent judge dismissed the citation upon the ground that there was no order requiring Clyde Thomas to pay the petitioner any sum as alimony.

Upon the petition containing these allegations petitioner prayed that a peremptory writ of mandate issue to respondents named, commanding them to hear and determine the

order to show cause, and in particular to determine whether or not Clyde Thomas had the ability to make the payments specified in the interlocutory decree, and after such determination, to make and enter such appropriate order as to said respondents may seem meet and proper.

To the petition respondents have interposed a general demurrer and an answer. We believe, however, the matter may be disposed of upon the demurrer, and we will therefore examine the petition to determine if it contains facts sufficient to state a cause of action, or to justify the issuance of a writ of mandate.

Mandate is one of the extraordinary writs and "may be issued by any court, except a Justice's or Police Court, to any inferior tribunal, . . . to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station . . . " (Code Civ. Proc. sec. 1085.)

The gist of the petition for the writ is that respondents refuse to hear and determine the order to show cause, and in particular that respondents refuse to determine whether or not defendant has the ability to comply with the interlocutory decree of divorce, and refuse to make an appropriate order.

The allegations in the petition, however, set forth that " . . . on or about the 16th day of April, 1934, a hearing was had on said order to show cause before said Superior Court of the State of California in and for the County of Butte, the Honorable Warren Steele, Judge presiding, at which petitioner was present together with her counsel, and the said Clyde Thomas was absent but represented by his counsel; that at said hearing petitioner herein, as plaintiff therein, gave testimony and offered evidence showing that the said Clyde Thomas had the ability to comply with said interlocutory decree . . . That upon the completion of said hearing, said court, the Honorable Warren Steele, Judge presiding, took said matter under consideration, and thereafter entered an order to the effect that there was in force and effect no order requiring said Clyde Thomas . . . to pay to petitioner . . . any sum . . . by way of alimony, and for that reason . . . found defendant not in contempt and discharged said order to show cause."

It therefore appears that a hearing has already been had upon the order to show cause.

That the court had jurisdiction of the order to show cause there is no question, and it proceeded to hear testimony and receive evidence and ultimately entered an order.

 It is elementary that a writ of mandate is not a writ of error. "The only duty of the court was to try the action and to render judgment. This it has done. If any errors have been committed during the progress of the trial they cannot be corrected by means of the writ of mandate." (*Short* v. *Superior Court,* 94 Cal. App. 664 [271 Pac. 783].) Nor may mandate be employed to compel the court to decide in any particular way. "It is of course to be understood that such a writ will only issue where there was an entire absence of any showing constituting good cause presented in the Superior Court upon the motion to dismiss. If the evidence presented on that subject was conflicting or on the conceded facts in evidence, a reasonable deduction therefrom would support the action of the trial court in denying the motion, a writ of mandate would be denied." (*In re Ford,* 160 Cal. 334 [116 Pac. 757, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882].)

 A court having the matter properly before it has, as is often said, jurisdiction to decide either erroneously or correctly. It is only when a court erroneously refuses to accept jurisdiction that mandate will lie. (*Hayward* v. *Superior Court,* 130 Cal. App. 607 [20 Pac. (2d) 348].)

The case of *Brock* v. *Superior Court,* 119 Cal. App. 5 [5 Pac. (2d) 659], is quite similar to the case at bar, and the court there said: "It thus appears that the court did not deny its jurisdiction to pass upon the application. It did pass upon and determine said application but refused the requested allowance because the court was of the opinion that it did not have authority to make such allowance to a child not residing in this state and not present in this state, in an action to compel a father to support his child. If the court erred in this conclusion (which we do not decide) it was only an error made by the court in the exercise of its jurisdiction. It was not a refusal to act upon the merits of the matter presented. Petition for writ of mandate denied."

Petitioner in her brief states: "We are not seeking a second hearing, but all we ask is that we be given a hearing as to whether or not the defendant in the divorce action has been guilty of contempt in failing to comply with an order of the Superior Court of which he had full and complete knowledge. All the court has done is to wrongfully divest itself of jurisdiction and under those circumstances, mandate is the correct remedy to cure the error." It seems to be petitioner's theory that by entering an order discharging the order to show cause in the contempt proceeding, the trial court divested itself of jurisdiction, or in other words, refused to accept jurisdiction. Of course, that is not correct. The first thing the trial court had to look for was a valid order for the payment of alimony. This, respondent failed to find, and ruled accordingly. Whether or not the court was correct in its conclusion is not for us to determine.

Only where a court has wrongfully divested itself of jurisdiction of a cause is mandate the correct remedy to cure the error. *Washington etc. Co.* v. *Superior Court,* 129 Cal. App. 430 [18 Pac. (2d) 743], and then the mandate is to compel the performance of a further duty to act, and not a coercion as to the manner or result of the action. Here, if respondents had refused to issue a citation upon a proper showing by initiatory affidavit, or having issued the citation, had refused to hear and decide the matter, *mandamus* would lie, but that is not the situation here presented where a hearing was actually had and an order made in conformity with the finding of the court.

If we are correct in holding that the respondents actually heard the testimony on the order to show cause, and upon that hearing entered an order, based upon certain grounds with which we are not concerned, that respondent therein was not guilty of contempt, it became unnecessary for the court to determine whether or not Thomas had the ability to comply with the interlocutory decree. The holding of the court was in effect that Thomas was not guilty of contempt, and no further findings are necessary or proper.

Respondents raise various other points against the sufficiency of the petition or the nature of the remedy; that it does not lie except where the petitioner has a clear legal right and the trial court a clear public duty to perform, which it refuses to perform, and then only when there is

lacking a speedy and adequate remedy at law; and further that the petition shows that as to a majority, if not all of the payments, the nonobligation of the defendant was *res adjudicata,* and that petitioner has an adequate remedy at law in that Thomas is bound to make the payments in accordance with the terms of a property settlement, and inasmuch as petitioner avers that he has the ability to pay, a writ of execution would presumably be satisfied.

However, we need not discuss these various points as we are convinced that respondent having acted upon the order to show cause, there is no field for the operation of the writ of mandate.

The demurrer is sustained and the alternative writ discharged.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 4, 1935, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme court on April 1, 1935.