[Civ. No. 3171. First Appellate District, Division One.—December 13, 1919.]

## WILLIE EMILY McNETT, . Appellant, v. BURNHAM McNETT, Respondent.

[1] DIVORCE—CONFLICTING TESTIMONY—FINDINGS—APPEAL.—Where in an action for divorce the testimony of the parties and of their witnesses is sharply in conflict as to practically every issue involved, and the findings of the trial court are fully supported by the testimony offered on behalf of the defendant, the judgment in his favor on his cross-complaint, based upon such findings, will not be disturbed on appeal.

[2] ID.—CONTINUANCES—ABSENCE OF WITNESSES—DISCRETION OF TRIAL COURT.—The matter of the granting or denial of continuances for the purpose of enabling a party to procure the presence and testimony of absent witnesses lies very largely within the discretion of the trial judge; and it must be made to appear very clearly that such discretion has been abused before the cause will be reversed upon appeal for an alleged error of the court in denying a continuance.

[3] ID.—DENIAL OF CONTINUANCE—DISCRETION NOT ABUSED.—It is not an abuse of discretion to deny a motion for a continuance for the purpose of enabling a party to procure the attendance of an absent witness, where the affidavit and other documents presented upon the hearing of such motion utterly fail to show that the absent witness is the only witness who can give evidence as to the matters for which his presence is desired, or that the party requesting the continuance is not provided with the presence and testimony of other witnesses to every matter respecting which the absent witness could testify.

[4] ID.—CUSTODY OF MINOR—CONFLICTING TESTIMONY—ORDER CONCLUSIVE.—In an action for divorce, an order, based upon conflicting testimony, awarding the custody of a minor child to his father during the pendency of the trial and during certain periods after the entry of the judgment therein will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

2. Continuance to procure witness who is beyond the jurisdiction, note, L. R. A. 1918E, 527.

C. C. Pease for Appellant.

L. E. Dadmun for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant upon his cross-complaint in an action for divorce. In the notice of appeal from the judgment the plaintiff also states that she takes an appeal from an order of the court directing that the custody of a minor child of the parties be turned over to the defendant pending the rendering and entry of the judgment. As to the so-called appeal from the latter order, we have vainly searched the voluminous record before us for the order referred to; but even if our search had been successful, we could not consider the same upon that portion of the appeal, for the reason that the notice of appeal shows upon its face that said order was made before final judgment, and was not, therefore, the subject of a separate appeal.

[1] Upon her appeal from the judgment itself the appellant makes the contention that the evidence in the case is insufficient to sustain the findings and judgment of the trial court. In support of this contention the plaintiff has embodied in her brief a few scattered and evidently incomplete excerpts from the reporter's transcript, which contains 611 pages of the testimony of over twenty witnesses who were called and testified at the trial for or against the respective parties, and who were examined—and the most important of whom were cross-examined and re-examined—at great length. The light which the appellant thus sheds upon her contention as to the insufficiency of the evidence in the case is entirely too feeble and flickering to enable us to determine the point without an extended examination of the entire evidence in the case. We have, however, attempted to make such examination, and from even a cursory inspection of the record it sufficiently appears that the testimony of the parties and of their witnesses in the case is sharply in conflict as to practically every issue involved therein.

Aside from this, however, we have satisfied ourselves from a careful inspection of the record that the findings of the court are fully supported by the testimony offered on behalf of the cross-complainant herein, and that the judg-

ment of the court based upon such findings will not, therefore, be disturbed upon appeal.

The appellant further contends that an error was committed by the trial court in its order denying the plaintiff's motion for a continuance of the cause after the same was at issue in order to enable her to obtain the presence and testimony of one Dr. C. R. Knox, who was at that time absent from that portion of the state, and of whom it was asserted in the affidavit for such continuance that he could give testimony material to the plaintiff if present at the trial of the cause. [2] The matter of the granting or denial of continuances for the purpose of enabling a party to procure the presence and testimony of absent witnesses is a matter which lies very largely within the discretion of the trial judge; and it must, therefore, be made to appear very clearly that such discretion has been abused before the cause will be reversed upon appeal for an alleged error of the court in denying a further continuance of the case. [3] The record discloses no such abuse of discretion in the instant case, since the affidavit and other documents presented by the plaintiff upon the hearing of said motion utterly fail to show that the absent witness was the only witness who could give evidence as to the matters for which his presence was desired, or that the plaintiff was not provided with the presence and testimony of other witnesses to every matter respecting which the absent witness could have testified. This being so, it cannot be said that the trial court committed any abuse of discretion in requiring the plaintiff to go to trial without the presence of Dr. Knox.

[4] As to the appellant's contention that the court committed error amounting to an abuse of discretion in awarding the custody of the minor child, Robert McNett, to the defendant, his father, during the pendency of the trial and during certain periods after the entry of the judgment therein as specified in said judgment, the only argument which the plaintiff presents in support of such contention is one predicated upon her prior contention as to the insufficiency of the evidence to justify the findings and judgment of the court in the defendant's favor; but since, as we have seen, such findings and judgment constitute the determination of the trial court upon conflicting testimony, this court will not review upon appeal the conclusion which

the trial court has thus arrived at in relation to the custody of the minor children of the parties to the action either before or after the entry of the judgment therein.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.