[Civ. No. 1797.   Fourth Appellate District.—April 15, 1937.]

DELIA BAILEY et al., Appellants, v. PACIFIC GREY-HOUND LINES, INC. (a Corporation), Respondent.

F. E. Butler and Samuel F. Hollins for Appellants.

Chester O. Hansen for Respondent.

MARKS, J.—This is an appeal from a judgment entered after the trial court granted respondent's motion for nonsuit at the close of appellants' case.  The sole question

involved is that of prejudicial error in refusing a continuance to appellants to enable them to procure the testimony of Alice Wickstrom, a witness in their behalf.

The case was at issue on September 24, 1935. It was set for trial on motion of respondent for January 29, 1936. Notice of time and place of trial was served on appellants on October 16, 1935. On November 19, 1935, appellants were informed by a letter written by Mrs. Wickstrom, who lived near Auburn, California, that she could not attend the trial in Fresno on January 29, 1936, because of expected motherhood. On January 22, 1936, appellants served and filed a motion for continuance to permit them to secure the presence of Mrs. Wickstrom at the trial. The motion was supported by the affidavits of Mrs. Bailey and one of her attorneys. On January 24, 1936, appellants served and filed a notice of motion for continuance and an order shortening time. On January 25th, the hearing of the motion was continued to January 28th. On that day respondent filed the affidavits of Mrs. Wickstrom and its attorney. The motion for continuance was then argued and denied. On January 29th, the motion was renewed, argued and denied. At the close of their case appellants again moved for a continuance. The motion was denied and the motion for nonsuit followed.

After the receipt of Mrs. Wickstrom's letter on November 19, 1935, appellants did nothing until January 11, 1936, when one of their attorneys interviewed Mrs. Wickstrom and found that the statements contained in her letter were true. On January 17, 1936, one of these attorneys, for the first time, informed counsel for respondent of the desire to continue the case and was then informed that a continuance would be opposed. No effort was made to take the deposition of Mrs. Wickstrom even after the last-mentioned conversation.

It is to be observed that Auburn is more than one hundred miles from Fresno and that Mrs. Wickstrom's personal attendance on the trial could not have been forced by subpoena. (Sec. 1989, Code Civ. Proc.) Under such circumstances ordinary prudence should have suggested the taking of her deposition, as reliance on her mere promise to appear at the trial, if made, could not be enforced and if violated might not furnish grounds for a continuance.

■ Ordinarily, granting or refusing a motion for continuance rests in the sound discretion of the trial court. Its

order will not be reversed except for an abuse of such discretion. (*Tompkins* v. *Montgomery,* 123 Cal. 219 [55 Pac. 997]; *McNett* v. *McNett,* 44 Cal. App. 778 [187 Pac. 447]; *Blankman* v. *Parsons,* 73 Cal. App. 218 [238 Pac. 728].) Under the facts before us we cannot hold that there was an abuse of discretion in denying the several motions.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.