[Civ. No. 3557.   Fourth Dist.   Apr. 11, 1947.]

ONEDA STUTSMAN, Respondent, v. EARL L. STUTSMAN, Appellant.

Wilbert C. Hamilton for Appellant.

No appearance for Respondent.

GRIFFIN, J.—On June 20, 1946, plaintiff and respondent wife filed a complaint against defendant and appellant husband for separate maintenance. He was ordered to show cause, on July 2, 1946, why he should not pay for maintenance and support of two minor children, attorneys' fees, and costs. The order was issued on June 20, 1946, and served on defendant. He filed a demurrer on June 28, 1946, together with an affidavit of merits and demand for change of venue to Los Angeles County, the place of his claimed residence. On July 2, 1946, an order was made, after hearing on the order to show cause, awarding support money for the children and for attorney's fees and costs. On July 9, 1946, an order, duly motioned, was made restraining defendant from removing the minor children from the possession of plaintiff and restraining the issuance of any order on motion for change of venue until certain orders made respecting costs, attorney's fees, and maintenance had been complied with. On July 22, 1946, after hearing, the motion for change of venue was denied. The demurrer to the complaint was sustained. Defendant appeals from the order of July 2, 1946, awarding attorneys' fees, maintenance and court costs, from the order of July 9, 1946, restraining him from removing the children, and from the order of July 22, 1946, denying his motion for change of venue. On August 27, 1946, the court ordered, after motion

duly made, that defendant pay plaintiff $250 as costs and attorneys' fees on appeal. On August 29, 1946, defendant filed a separate notice of appeal from this order.

It is now argued by defendant and appellant, in his opening brief, that the motion for change of venue should have been heard and determined before any other matter and before the demurrer was considered; that the order to show cause was void and the court was without jurisdiction to hear and determine the application for support money, attorneys' fees and costs; and that the motion for change of venue should have been granted.

Section 395 of the Code of Civil Procedure provides, with certain exceptions, that the proper court for the trial of an action is in the county in which the defendant resides. ■ Section 396b provides that if the court in which the action is filed has jurisdiction of the subject matter, the action may be, notwithstanding it is not the proper court, tried in the court where it was commenced, unless the defendant, at the time he answers or demurs, files an affidavit of merits and notice of motion to transfer the action to the proper court. The court, if it determines that it was not brought *in the proper court shall* order it transferred to that court. However, in a separate maintenance or divorce action, the court may, *prior to the determination of the motion,* consider and determine motions for allowance of temporary alimony, support of children, counsel fees and costs, and may make all necessary and proper orders in connection therewith. By the terms of that section, as amended (Stats. 1939, ch. 149, p. 1263), the trial court had jurisdiction to hear and determine the motion for allowance and temporary support of the children, counsel fees and costs, since such motion was made and determined before the determination of the motion for change of venue. ■ This section is broad enough to authorize the placing of the minor children in plaintiff's temporary custody under the order providing for their support, and such order cannot be questioned on this appeal. (*McNett* v. *McNett,* 44 Cal.App. 778 [187 P. 447].) That order must, therefore, be affirmed.

■ The motion for change of venue was finally heard and denied. It was based upon verified affidavits in the record. One made by the defendant alleged that he was not at the time the complaint was filed a resident of Kern County, but was then and is now a resident of the county of Los Angeles. An-

other one signed by Dorothy Avery averred that she had known defendant for over 20 years; that he lived in Los Angeles County all of that period except for a short time when he lived in Bakersfield; that for more than two years last past he resided at 123 W. 93rd Street, Los Angeles. Plaintiff did not allege that defendant was a resident of Kern County. She filed no counteraffidavits showing defendant's residence to be other than Los Angeles County at the time the complaint was filed in Kern County. There is an affidavit on file indicating that plaintiff went with the process servers to defendant's home in Los Angeles to serve him with summons and complaint and the order to show cause; and that defendant had actual possession of the children at that time in Los Angeles County. It further shows that defendant later went to Kern County only for the purpose of accepting service. Whether plaintiff or defendant has actual custody of the children at the present time is not shown by the record.

Section 396b, *supra,* authorizes the trial court, when the action is not commenced in the proper county, to retain the action in the county where commenced only where an *answer* has been filed and on the grounds of convenience of witnesses, or where the ends of justice will thereby be promoted. Counsel for respondent has filed no brief in this court, and after due notice has failed to appear when the cause was set for hearing. We can only assume that he is in accord with our conclusion that there is no ground upon which this order of the trial court denying the motion for change of venue can be sustained. Under the evidence produced the trial court abused its discretion in not granting the motion for change of venue. (*Mercantile Acceptance Corp.* v. *Willett,* 125 Cal. App. 778 [14 P.2d 121]; *Woods* v. *Berry,* 111 Cal.App. 675 [296 P. 332]; *Sheeley* v. *Jones,* 192 Cal. 256 [219 P. 744].) The order denying the motion for change of venue should be reversed.

Since it was an abuse of discretion for the trial court not to grant the motion for change of venue when it should have been granted, any order thereafter made awarding attorneys' fees and costs on appeal should likewise be reversed. (*Newlands* v. *Superior Court,* 171 Cal. 741 [154 P. 829]; Code Civ. Proc., § 396b.)

In *Beard* v. *Superior Court,* 39 Cal.App.2d 284 [102 P.2d 1087], it was held as the established law of California, prior to the amendment of section 396b of the Code of Civil

Procedure, that the filing of a motion for change of place of trial suspends the power of the trial court to act upon any other question until the motion has been determined. This general provision has been modified as to actions for divorce and separate maintenance, but only to the extent set forth in said section. Accordingly, the trial court had no jurisdiction to rule upon defendant's demurrer to the complaint even though plaintiff could not claim prejudicial error in such ruling. (*Nolan* v. *McDuffie,* 125 Cal. 334 [58 P. 4]; *Ah Fong* v. *Sternes,* 79 Cal. 30 [21 P. 381]; *Griffin & Skelly Co.* v. *Magnolia & H. F. C. Co.,* 107 Cal. 378 [40 P. 495].) ▮ The order sustaining the demurrer is not an appealable order. (*Percy* v. *Allen,* 119 Cal.App. 106 [6 P.2d 88].)

The order of July 2, 1946, awarding support money for the maintenance of the children, attorneys' fees and costs, and the order providing for their temporary custody is affirmed. That portion of the order denying the motion for change of venue, and the order of August 27, 1946, allowing additional attorneys' fees and costs on appeal, are reversed. Each party to bear his or her own costs on appeal.

Barnard, P. J., and Marks, J., concurred.