[Civ. No. 17203. Second Dist., Div. Two. Nov. 4, 1949.]

TIMOTHY MICHAEL CONNOR, a Minor etc., et al., Appellants, v. STANLEY WILLIAM JACKSON et al., Defendants; RAYBESTOS-MANHATTAN, INC. (a Corporation) et al., Respondents.

Joseph B. Boland and Angelo M. Iacoboni for Appellants.

Crider, Runkle & Tilson, Elber H. Tilson and E. Spurgeon Rothrock for Respondents.

MOORE, P. J.—Recovery for alleged injuries by an automobile having been denied, appellant now demands a reversal of the judgment by reason of (1) the court's denial of his motion for a continuance, (2) its exclusion of a writing by respondent Jackson purporting to admit his liability, and (3) rulings improperly excluding "material portions of evidence."

About 3 p. m., April 13, 1947, Timothy Connor (18 months of age) accompanied his father to the service station of Van and Bill in Los Angeles County and while there the infant received serious bodily injuries. On May 29, 1947, acting through his guardian *ad litem,* Timothy filed the instant action against respondents alleging that he was struck by an automobile owned by respondent corporation of Oregon, authorized to transact business in California, driven negligently by respondent Jackson who was then acting under the direction of Freeman and Van Der Ham. The action was duly set for trial on June 21, 1948.

On the trial date appellant's counsel moved for a continuance. The motion was based upon the affidavit* of appellant's

*". . . JOSEPH B. BOLAND, being first duly sworn, deposes and says: That he is the attorney for plaintiffs in the above-entitled action.

"That the testimony of the defendant Stanley William Jackson is material to the plaintiffs' case; that the said Stanley William Jackson was the driver of the automobile which struck the plaintiff Timothy Michael Connor, as alleged in the complaint on file herein; that if the said Stanley William Jackson were present at the trial of the said action and examined under the provisions of Section 2055 of the Code of Civil Procedure of the State of California, he could testify to the manner in

attorney which contains no statement of the anticipated testimony, no excuse for failure within the 13 months that had elapsed since the commencement of the action to procure service of subpoena on Jackson or to obtain his deposition.
 That counsel vainly endeavored to locate and subpoena the witness and his opinion that the witness's testimony is material do not meet the statutory requirements of a supporting affidavit for the continuance of a trial. (Code Civ. Proc., § 595.) Where the application for continuance "is made on account of the absence of a material witness" the court may require that the affidavit state "the evidence which he expects to obtain." The unavoidable absence of a party does not necessarily compel the court to grant a continuance. (*Sheldon* v. *Landwehr*, 159 Cal. 778, 781 [116 P. 44].)
 Appellant's statement to this court that the absent witness was the only person who could testify to the manner of his operating the automobile does not improve the virtue of the motion and affidavit which were addressed to the trial court. To have been of compelling merit the affidavit should have averred that Jackson would if present testify that he did some negligent act that caused injury to Timothy. Such facts must be stated in the supporting affidavit so that when read in evidence the document will present facts that will tend to support a judgment. The affidavit is devoid of evidence that Jackson was in the remotest degree negligent in operating his car.
 The affidavit disclosed no merit in that an utter want of diligence was established. During the 13 months preceding the date of trial appellant's counsel did not take out a commission to take Jackson's deposition although he knew the

---

which he was operating the said automobile at the time the said automobile struck the plaintiff Timothy Michael Connor, as alleged in said complaint; that his testimony is material to the case of the plaintiffs and that the plaintiffs will be prejudiced without the testimony of said defendant under Section 2055 of the Code of Civil Procedure of the State of California.

"That your affiant is informed and believes that the said Stanley William Jackson is a resident of the city of Portland, State of Oregon; that your affiant caused an investigation to be made by long distance telephone to the city of Portland, Oregon, in an endeavor to locate the present whereabouts of the said Stanley William Jackson; that your affiant's investigation revealed that said defendant has not been seen around his usual place of residence, to wit, the Elk's Club in said city; that he is no longer in the employ of defendant Raybestos-Manhattan, Inc., and that investigation in and about the city of Los Angeles, California, reveals that he has not been seen about said city for approximately six months."

witness was a resident of Oregon. His only effort to obtain his attendance at the trial was at some date prior to June 21, 1948, he "caused an investigation to be made by long distance telephone to the city of Portland, Oregon, in an endeavor to locate" the witness only to discover that the latter had "not been seen around his usual place of residence, to wit, the Elk's Club" and was no longer employed by respondent corporation and that it was learned that Jackson had not been seen about the city for approximately six months. Inasmuch as the affidavit specified no dates when the investigation was made, it must be construed against the pleader. Since the affidavit was made on the 21st day of June, it is a fair deduction that the investigation by remote control was made on the eve of the trial which is no display of diligence. Even if Jackson was the sole witness to the accident appellant was not for that reason entitled to a continuance, having made no reasonable effort to obtain his testimony or his presence at the trial. In *Beckman* v. *Waters*, 161 Cal. 581, 588 [119 P. 922], while a deposition of the plaintiff was excluded because the notary had failed to sign his certificate still the court's order denying a continuance because of the plaintiff's absence was not error. In *Bailey* v. *Pacific Greyhound Lines, Inc.*, 20 Cal.App.2d 372 [66 P.2d 1246], the denial of plaintiffs' motion for a continuance on the ground that their witness was an expectant mother was not error, since no effort had been made to obtain her deposition during the long period of waiting preceding the date of trial. ■ When a plaintiff sets his action for trial knowing that the gravamen of the action can be proved by the testimony of one sole witness he is not entitled to complain of disappointments resulting from the absence of such witness. (*Jennings* v. *American President Lines*, 61 Cal.App.2d 417, 429 [143 P.2d 349, 144 P.2d 54].) ■ The motion for a continuance is addressed to the sound discretion of the trial court and the decision thereof will not be disturbed in the absence of an abuse of such discretion. (*Bailey* v. *Pacific Greyhound Lines, Inc., supra.*) In view of the foregoing recitals it cannot be said that the court below was arbitrary or that it acted without a fair regard for the rights of both litigants.

■ Appellant contends that he was prejudiced by the court's excluding from evidence a letter written by Jackson. Those portions of the writing which appellant contends constitute an admission of liability are as follows: "Nothing I could say would express the grief I feel and the hope and prayers I have for your son's recovery. I went to the . . .

Assurance Co. yesterday to get them on the case immediately. They assured me that they would send a representative out to see you this morning. I hope that he has seen you already and that much is off of your mind anyway . . . He [the agent] assured me that everything necessary would be done for you immediately. If you run into any difficulties at all, please let me know by telegram . . . [at several successive addresses] . . . I offered to stay here until everything was taken care of but [the insurance agent] said there was nothing more that I could do by staying any longer. Please let me know how the baby is. I have to leave now or would wait longer.''

The sentiments expressed in the letter contain nothing that could reasonably be construed as an admission of liability. They indicate no more than a gentleman's normal concern for the welfare of the child injured by contact with the author's automobile and a desire to reassure the parents of his interest. The authorities cited by appellant in support of his contention (*King* v. *Wilson,* 116 Cal.App. 191 [2 P.2d 833]; *Noble* v. *Bacon,* 129 Cal.App. 177 [18 P.2d 699]; *Maberto* v. *Wolfe,* 106 Cal.App. 202 [289 P. 218]; *McPhee* v. *Lavin,* 183 Cal. 264 [191 P. 23]) involved the question whether declarations indicating liability on the part of the declarant should be excluded because they referred to the fact that the defendant carried insurance. In each instance the statement was properly received because it contained words considered by the trial court as defendant's admission of liability which could not be separated from the statement that he carried liability insurance. ▨ A defendant's statement that he carries insurance or that his insurance company ''will do everything necessary immediately'' is not an admission of liability. ▨ However, the construction of a writing is to be decided by the trial court (Code Civ. Proc., § 2102) and its decision thereon will therefore not be cause for reversal in the absence of a showing of prejudice to the complaining party. ▨ Also, no judgment shall be reversed on the ground of improper rejection of evidence, unless the entire record discloses that the error complained of resulted in a miscarriage of justice. (Const., art. VI, § 4½.)

▨ The witness McGowan was asked to relate a conversation had with Jackson after the accident. Objection was made by the corporation on the ground that it was hearsay and it was sustained as to the corporation only, whereupon the wit-

ness proceeded to testify that Jackson "stated that he had driven into the service station . . . to ask directions to his brother's house and that as he was leaving he felt a bump on the right rear portion of his car . . . looked out . . . and seen the boy Timothy lying on the ground." The ruling was correct. Appellant did not show that Jackson was at the time acting within the scope of his employment, nor did he even attempt to prove that Jackson was on that day the agent of the corporation.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.