[Civ. No. 16277.   First Dist., Div. Two.   May 16, 1955.]

HERBERT JOHNSON et al., Appellants, v. JAMES R. FASSETT et al., Respondents.

Hugh Wesley Goodwin for Appellants.

Lucas, Wyckoff & Miller and Noland, Lawson & Hamerly for Respondents.

KAUFMAN, J.—This is an appeal from a judgment in favor of defendants Dr. James R. Fassett and Dr. William Wong in a malpractice suit brought by Herbert and Elphania Johnson, husband and wife.

The sole ground of the appeal is an alleged abuse of discretion by the trial court in failing to grant appellants' motion for a continuance on Monday, January 25, 1954, the date set for the trial of the case without a jury.

When the case was called, appellants' attorney, Mr. Van Pinney, stated to the court that he had been called into the case on the preceding Saturday, that he went over the file

and noticed that plaintiffs' attorneys of record had corresponded with and supplied certain information to a Dr. Erwin John Hund of Reno, Nevada. Counsel said that he attempted to reach him at his home and office in Reno over the weekend to inform him that the case had been set for trial on Monday, but was unsuccessful. He had finally contacted the doctor's wife at 7 a. m. the morning of the trial, and she advised him that the doctor was confined in the hospital for surgery, and that it would be a matter of two or three weeks before he could testify. Counsel stated that it would be difficult to proceed to trial in the doctor's absence, as there was a strong possibility that expert testimony would be required; that Dr. Hund was the only expert witness known to counsel who could and would appear in a trial of this nature.

Counsel for respondent then advised the court that another motion for continuance had been heard in another department of that court on the previous Friday on the ground that Elphania Johnson, one of the plaintiffs, was too ill to attend court and would have to be in the hospital on Monday. The motion was opposed on the ground that it was not made in good faith. Counsel at that time made a showing to the court that they had received calls from Mr. Belli's office earlier in the week requesting a continuance on the ground that Mr. Belli would be engaged in another trial on Monday. That motion was denied. Counsel also called the court's attention to the fact that the action had been pending for two years, and had been filed only a few days before the statute of limitations had run.

It appears from the record that plaintiff Elphania Johnson was in court and proceeded to testify immediately after the denial of the motion for a continuance.

No affidavit was offered by appellants' counsel, and no showing was even made that Dr. Hund had agreed to testify in this case. Although in their brief appellants state that Dr. Hund was to be their expert medical witness and their only medical witness, and that it was through him that they were going to establish their allegations of malpractice, the record does not substantiate these statements. Counsel at no time stated to the court that this doctor had consented to appear in the case, nor did he produce any written communication from the doctor, although the case had been pending two years.

Appellant says that although the trial court heard arguments on the motion, the record shows no contention to the effect that the testimony of Dr. Hund was either irrelevant or

immaterial. There was no need for respondents to argue this point, since appellants' counsel made no showing of what he expected to prove. This is necessary under all of the authorities. (*Connor* v. *Jackson*, 94 Cal.App.2d 462 [210 P.2d 897].)

■ Appellants admit due diligence must be exercised to secure the presence of necessary witnesses, but say that the facts indicate that Dr. Hund planned to attend the trial and was prevented from doing so because of his illness which could not be reasonably anticipated. However, the record, as noted above, does not show that Dr. Hund planned to attend the trial. There is nothing in the record to show that this doctor would have been qualified as an expert medical witness as there was no showing that he was acquainted with the standard of practice of other physicians in the area involved.

Appellants admit that the courts generally apply a strict rule that such motions must be supported by affidavits, but that in certain situations this rule may be relaxed, citing *Winkie* v. *Turlock Irr. Dist.*, 24 Cal.App.2d 1, 6 [74 P.2d 302]; *Bassi* v. *Walden*, 64 Cal.App. 764 [222 P. 866]. In the first case it was held that the trial court did not abuse its discretion in granting a continuance when no affidavits were filed in support of the motion, and in the second case, that the court did not err in refusing a continuance. In the latter case it was said, citing Code of Civil Procedure, section 595, that "A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it." (And see *Connor* v. *Jackson, supra*; *Jacks* v. *Buell*, 47 Cal. 162.)

■ An application for a continuance is addressed to the sound discretion of the trial court, and its decision will not be reversed unless an abuse of discretion is clearly shown. (*Slaughter* v. *Zimman*, 105 Cal.App.2d 623 [234 P.2d 94].) It cannot be seriously contended that the court abused its discretion under the circumstances shown herein.

In view of the foregoing the judgment must be affirmed.
Judgment affirmed.

Nourse, P. J., and Draper, J. pro. tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.