[Civ. No. 9395. Third Dist. May 12, 1959.]

CARROLL J. BENDER, Respondent, v. YVONNE BENDER, Appellant.

---

*Assigned by Chairman of Judicial Council.

Clyde B. Dalton and A. Marquez Bautista for Appellant.

Lee Alex MacNicol for Respondent.

VAN DYKE, P. J.—Defendant and cross-complainant appeals from orders denying a change of venue, modifying an existing custodial decree granted in an action for divorce and denying her motion for a change of custody.

In 1949 the Superior Court for Merced County granted respondent herein an interlocutory decree of divorce from appellant, but awarded the custody of the then 4-year-old daughter of the parties to her mother, appellant herein. In 1954 the court modified the custodial provisions of the divorce decree by awarding to respondent the custody and control of his daughter, subject to the condition that she be placed in a boarding school in the vicinity of San Francisco, with each of the parties having the right to have the child on alternate weekends and holidays, and for one-half of the summer vacations. In May of 1957, respondent, who is a major in the United States Air Force, filed a notice of motion to further modify the custodial order by permitting him to take the girl to the Philippine Islands, where he had been assigned to a tour of duty. Appellant herein filed a notice of motion for a change of venue to the city and county of San Francisco, where she was living with her present husband. The ground of the motion was convenience of witnesses and the motion was supported by affidavits setting forth the names and addresses of 13 proposed witnesses with a statement of the matters to which each witness would testify. Appellant filed and noticed a second motion that the existing custody order be so modified as to grant to her full custody of the child. All three motions came on for hearing on the same day, the court hearing appellant's motion for change of venue first in order. The court denied appellant's motion for change of venue and then immediately proceeded to hear the other two motions. At the close of the hearing, the court granted respondent's motion to modify the existing custodial order by permitting him to take the child with him to the Philippine Islands and there to maintain her for a period of not exceeding 18 months. The

court denied appellant's motion that the custody of the child be given to her.

■ We feel compelled to reverse the order of the court denying appellant's motion for change of venue for the reason that it appears clearly from the record that the trial court did not hear that motion upon the merits thereof, but, on the contrary, denied it upon the ground that it had no jurisdiction to grant the change. In this the court erred. (*Cooney* v. *Cooney,* 25 Cal.2d 202, 207 [153 P.2d 334].) The result is that the order denying change of venue must be reversed. The court had jurisdiction and, therefore, was under a duty to pass upon that motion on the merits since the affidavits of appellant made at least a prima facie case in favor of granting the motion. The court could not, by holding without reason that it had no jurisdiction to pass upon the merits, divest itself of jurisdiction and evade the duty of hearing and determining the motion. (*Temple* v. *Superior Court,* 70 Cal. 211 [11 P. 699]; *Sampsell* v. *Superior Court,* 32 Cal.2d 763, 770 [197 P.2d 739]; *Robinson* v. *Superior Court,* 35 Cal.2d 379, 383 [218 P.2d 10].) ■ A further result from the refusal of the trial court to pass upon the merits of the motion for change is that it was without jurisdiction, until that motion had been passed upon, to grant or deny the motion of respondent for change of the custodial decree. (*Stutsman* v. *Stutsman,* 79 Cal.App.2d 81, 84-85 [178 P.2d 769].) From that opinion we quote the following:

"In *Beard* v. *Superior Court,* 39 Cal.App.2d 284 [102 P.2d 1087], it was held as the established law of California, prior to the amendment of section 396b of the Code of Civil Procedure, that the filing of a motion for change of place of trial suspends the power of the trial court to act upon any other question until the motion has been determined. . . . [Citing *Nolan* v. *McDuffie,* 125 Cal. 334 [58 P. 4], and other cases.]"

For the reasons given, the orders denying appellant's motion for change of venue, granting respondent's motion for a modification of the custodial decree, and denying appellant's motion for a change of custody are reversed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied June 9, 1959.